H. F. CURIE v. MARY C. WRIGHT ET AL., C. W. ELSON, Receiver, Appellant.

**Mortgages:** PRIORITY OF LIENS: FRAUD. A creditor may without fraud
1 take a mortgage on his debtors property, although knowing the debtor to be in financial difficulty, and the burden of proving fraud is upon the party who assails its validity.

**Same:** MECHANICS LIEN: JUDGMENT. The parties to a mortgage given
2 prior to a judgment foreclosing a mechanics lien upon the premises are not bound by the judgment unless made parties to the foreclosure; and a purchaser of the premises on execution sale under the judgment takes title subject to the mortgage, unless the title relates back to the time of filing the statement for the lien.

**Same:** FORECLOSURE: SALE OF SEVERAL PARCELS IN GROSS. A mechanics
3 lien holder wishing to preserve his liens on separate tracts of land so that a judgment of foreclosure will relate back to the time of filing the statements therefor, should proceed to a separate foreclosure and sale in each case, for by electing to foreclose and sell both in one action taking a general judgment for the amount due on both, the judgment becomes a lien on both parcels only from its date, and a mortgage upon the property taken prior thereto will have precedence.

*Appeal from Wayne District Court.*—HON. H. M.
TOWNER, Judge.

TUESDAY, JANUARY 12. 1909.

ACTION to foreclose two mortgages on separate par-
cels of real property given by G. Taylor Wright, now de-
ceased, and his wife, Mary C. Wright, one of the defend-
ants in this action, to secure the payment of their joint
promissory note for $1,000, with interest, payable to one
Engle, plaintiff's assignor; it being alleged that the sum
of $768.05 is due thereon. The other defendants are the
heirs of Wright, deceased, and one Elson, as receiver of
the Bank of Linnville, who, after the execution of the
mortgages in question, recovered a judgment against said
Wright for an indebtedness to the bank, and afterward
acquired title to the property covered by the second mort-
gage at an execution sale under a judgment recovered by
one Petty against said Wright on foreclosure of a mechanic's
lien. Elson, who alone made defense in the present action,
denied that there was anything due on the note secured by
these two mortgages, and alleged that the second mortgage
was fraudulently given and accepted for the purpose of
defeating the judgment recovered by him in behalf of the
bank. For reasons not fully appearing in the record, and
which need not here be considered, the court held that
the first mortgage had been extinguished, and denied plain-
tiff any relief with reference to the property covered by
it; but a decree of foreclosure was granted on the second
mortgage for the satisfaction of a judgment of $263.17
rendered against all the defendants except Elson, and
the receiver's title under his sheriff's deed acquired in pur-
suance of the mechanic's lien foreclosure suit brought
by Petty was adjudged to be junior and inferior to plain-
tiff's second mortgage. From this decree, the receiver ap-
peals.—*Affirmed.*

*Freeland & Carter,* for appellant.

*Miles & Steele,* for appellee.

McCLAIN, J.—I. On the issue as to whether the mortgage was fraudulent as against appellant, the evidence sustains the finding of the lower court, which held against

1. MORTGAGES: priority of liens: fraud.

appellant's contention. It is true that the mortgage was executed only one day prior to the rendition of judgment against G. Taylor Wright in an action pending against him by the receiver; but, until the receiver recovered his judgment, he had no lien upon Wright's property, and, unless the mortgage was taken for the purpose of defrauding him, the mortgagee acquired a prior lien. The burden of proving that the mortgage was fraudulent was on the receiver, and the evidence is not sufficient to establish that fact. The most that can be said is that the mortgage was taken by Engle as additional security because he feared that by reason of the financial embarrassments of the mortgagor a prior mortgage which he held on other property would be found insufficient to secure his claim. A creditor may without fraud secure priority by taking a mortgage on the property of his debtor, who is to his knowledge in financial straits.

II. Counsel for appellant rely, however, on the further claim that the title acquired by Elson as receiver under the mechanic's lien foreclosure was superior to the

2. SAME: mechanic's lien: judgment.

the lien of the mortgage, because the mechanic's lien had attached to the property prior to the execution of such mortgage. The judgment in the mechanic's lien foreclosure suit, instituted by Petty against Wright, under which Elson, as receiver, acquired title to the mortgage property by buying in the certificate of sale thereon and taking a sheriff's deed, was not rendered, as already indicated, until after the

second mortgage in suit was executed; and unless it appears that the title of Elson related back to the date of the filing of the mechanic's lien, his rights are inferior to those of plaintiff under such mortgage. Judgment of foreclosure of said lien recites that the lien is established from a prior date; but, as neither Mary C. Wright nor plaintiff's assignor was made party to the proceeding to foreclose the mechanic's lien, the judgment in that foreclosure is not binding upon either of them. There is no allegation in Elson's answer of any facts entitling him to priority on account of any preexisting lien held by Petty, but he introduced evidence of the filing of the mechanic's lien statement of a date prior to the mortgage, and, if this entitled him to priority over the mortgage, he no doubt should have his rights, if any, by virtue of such antecedent filing, protected by the decree in this case.

Conceding, however, that there was such prior filing of the mechanic's lien statement, still we think Elson has not shown himself entitled to any priority on that account. In the statement a lien was claimed in the sum of $43 on the property covered by this second mortgage, and $82.83 on a parcel of property not included therein. When these liens were foreclosed in one action, Petty took judgment in a lump sum, and both parcels of property were bought in at a sale under that judgment for the amount thereof, with interest and costs, and Elson's deed so recites. It is evident that Petty did not attempt at his foreclosure sale to buy in each parcel for the amount of the lien on that parcel, but elected to treat his judgment as a general judgment for such lump sum, and that such general judgment had become a lien on the two parcels together only when it was rendered. If Petty had desired to have his mechanic's liens on these two parcels protected, he should have sold each under special execution for that portion of the judgment which was a lien on that parcel. It can not be that,

3. SAME: foreclosure: sale of several parcels in gross.

by virtue of two separate liens on these two parcels, a judgment for a lump sum related back to the date of the statement, so that there was one lien in that sum from date as against both. Elson does not show any right by assignment or otherwise which antedates the mortgage, and the trial court therefore properly decreed that his rights under the sheriff's deed were junior and inferior to the lien of plaintiff's second mortgage. The decree is *affirmed.*